# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

**Appeal Number: 25-11728**
**District Court Docket No. 25-CV-21172-EIS**

**DAVID W. LANGLEY et al.**
Appellant,

v.

**LIZA HAZAN a/k/a ELIZABETH HAZAN,**

Appellee.

On Appeal from
United States District Court for the Southern District of Florida

District Court Docket No. 25-CV-21172-EIS

## APPELLANTS LIZA HAZAN A/K/A ELIZABETH HAZANAND SEAN MEEHAN'S INITIAL BRIEF

May 4, 2026

Elizabeth Hazan

By: _/s / Liza Hazan_

Liza Hazan a/k/a
Elizabeth Hazan 6913
Valencia Drive
Miami, FL 33109
*Pro se Defendant*
**Via US Mail**


Sean Neil Meehan

By: _/s/ Sean Meehan_
Sean Meehan
*Pro se Defendant*
**Via US Mail**

# CERTIFICATE OF INTERESTED PARTIES

Aresty, Joel – attorney for Liza Hazan

Fisher Island Community Association, Inc. – HOA of Appellee

Fisher Island Community Association, Inc. – HOA of Appellee Hazan, Elizabeth a/k/a

Hazan, Liza –Appellee

Selective Advisor Group, LLC formerly known as Selective Advisors Group,

LLC

JPMorgan Chase Bank, National Association –Plaintiff in pending declaratory

action against Appellee Liza Hazan

Langley, David W. – attorney for Appellee

Law Offices of David W. Langley – firm for Appellee

Law Office of Robert A. Gusrae, Esq. - for Creditor Fisher Island Community

Association

Leon Cosgrove LLC – attorney of record for JP Morgan Chase Bank

Meehan, Sean Neil – Manager of Selective Advisors Group, LLC and

Selective Advisors Group, LLC

Appellee Sean Meehan

6913 Valencia, LLC – holder of mortgage on the Fisher Island Property

Valencia Estates Homeowners' Association, Inc. – Creditor of Appellee Hazan and HOA of the Fisher Island Property

Zaron, Andrew D. – attorney of record for JP Morgan Chase Bank

Judge Reemberto Diaz

Judge Sanchez

Appellants LIZA HAZAN a/k/a ELIZABETH HAZAN, and SEAN NEIL MEEHAN further certifies that JP Morgan Chase Bank is a publicly traded company with an interest in the outcome of this case.

**APPELLANTS LIZA HAZAN A/K/A ELIZABETH HAZANAND SEAN MEEHAN'S INITIAL BRIEF**

## TABLE OF CONTENTS

1. Certificate of Interested Persons

2. Statement Regarding Oral Argument

3. Jurisdictional Statement

4. Statement of Issues

5. Standard of Review

6. Statement of the Case

7. Summary of the Argument

8. Argument

9. Conclusion

10. Certificate of Compliance

11. Certificate of Service

## TABLE OF AUTHORITIES

**Cases**

- Alderwoods Group, Inc. v. Garcia

- Bauknight v. Monroe County

- Caterpillar Inc. v. Williams

- Celotex Corp. v. Edwards

- Devine v. Prison Health Services, Inc.

- Grable & Sons Metal Products, Inc. v. Darue Engineering

- Home Depot U.S.A., Inc. v. Jackson

- In re Lemco Gypsum, Inc.

- Lowery v. Alabama Power Co.

- Martin v. Franklin Capital Corp.

- Pretka v. Kolter City Plaza II, Inc.

- University of South Alabama v. American Tobacco Co.

- Wilson v. General Motors Corp.

- SWS Erectors, Inc. v. Infax, Inc.

**Statutes**

- 28 U.S.C. § 1291

- 28 U.S.C. § 1331

- 28 U.S.C. § 1332

- 28 U.S.C. § 1334

- 28 U.S.C. § 1441

- 28 U.S.C. § 1446

- 28 U.S.C. § 1447

- 28 U.S.C. § 1452

**Rules**

- Fed. R. Civ. P. 73

- Fed. R. Bankr. P. 9027

**INITIAL BRIEF**

**CERTIFICATE OF INTERESTED PERSONS**

**<u>CERTIFICATE OF INTERESTED PARTIES</u>**

Aresty, Joel – attorney for Liza Hazan

Fisher Island Community Association, Inc. – HOA of Appellee

Fisher Island Community Association, Inc. – HOA of Appellee Hazan, Elizabeth a/k/a

Hazan, Liza –Appellee

Selective Advisor Group, LLC formerly known as Selective Advisors Group,

LLC

JPMorgan Chase Bank, National Association –Plaintiff in pending declaratory

action against Appellee Liza Hazan

Langley, David W. – attorney for Appellee

Law Offices of David W. Langley – firm for Appellee

Law Office of Robert A. Gusrae, Esq. - for Creditor Fisher Island Community

Association

Leon Cosgrove LLC – attorney of record for JP Morgan Chase Bank

Meehan, Sean Neil – Manager of Selective Advisors Group, LLC and Selective Advisors Group, LLC

Appellee Sean Meehan

6913 Valencia, LLC – holder of mortgage on the Fisher Island Property

Valencia Estates Homeowners' Association, Inc. – Creditor of Appellee Hazan and HOA of the Fisher Island Property

Zaron, Andrew D. – attorney of record for JP Morgan Chase Bank

Judge Reemberto Diaz

Judge Sanchez

Appellants LIZA HAZAN a/k/a ELIZABETH HAZAN, and SEAN NEIL MEEHAN further certifies that JP Morgan Chase Bank is a publicly traded company with an interest in the outcome of this case.

**STATEMENT REGARDING ORAL ARGUMENT**

Appellants respectfully request oral argument.

**JURISDICTIONAL STATEMENT**

This appeal arises from a remand order and award of attorney's fees. R.14.

While remand orders are generally non-reviewable, fee awards are reviewable under:

- Martin v. Franklin Capital Corp.

**STATEMENT OF ISSUES**

1. Whether removal was timely.

2. Whether bankruptcy jurisdiction was improperly ignored.

3. Whether federal jurisdiction was misapplied.

4. Whether attorney's fees were improperly awarded.

**STANDARD OF REVIEW**

- De novo (jurisdiction)

- Abuse of discretion (fees)

**STATEMENT OF THE CASE**

The lower Court ordered For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as

follows:

(1) Plaintiff's Expedited Motion to Remand and Request for Sanctions, ECF No.

4, and Plaintiffs' Supplemental Motion to Remand, ECF No. 7, are

**GRANTED IN PART and DENIED IN PART**;

(2) This case is **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida;

(3) Within fourteen (14) days of this Order, that is, by May 8, 2025, Plaintiffs may file a motion for reasonable attorney's fees that documents both the time reasonably spent on the preparation of Plaintiffs' Expedited Motion to Remand and Request for Sanctions, ECF No. 4, and Plaintiffs' Reply in support of that motion, ECF No. 13, and the hourly rate(s) claimed for such work; and

(4) All other pending motions are **DENIED AS MOOT**.

R.14

Appellees' response does not cure the central legal errors committed by the district court.

Instead, it repeats the same flawed premise: that removal was indisputably untimely and therefore sanctionable.

That is incorrect.

Even if this Court affirms the remand, the attorney's fee award must be reversed because Appellants had at least an **objectively reasonable basis for removal**, as required under Martin v. Franklin Capital Corp..

**ARGUMENT**

**SUMMARY OF ARGUMENT**

The district court:

- Misapplied removal timing

- Ignored bankruptcy jurisdiction

- Misapplied federal law

- Abused discretion in awarding fees

## I. APPELLEES FAIL TO SHOW THAT REMOVAL WAS OBJECTIVELY UNREASONABLE

Appellees focus almost exclusively on timeliness. But under controlling law, that is not the standard.

### A. The Proper Standard Is Objective Reasonableness

Under Martin v. Franklin Capital Corp.:

Fees are improper unless removal lacks any objectively reasonable basis.

Appellees never meet this standard.

They do not show:

- That Appellants' legal arguments were frivolous
- That no reasonable litigant could assert those grounds

Instead, they argue only that the district court disagreed.

That is insufficient.

### B. Close Jurisdictional Questions Defeat Fee Awards

The Eleventh Circuit has repeatedly held:

- Bauknight v. Monroe County

that fee awards are improper where jurisdictional issues are **debatable**.

Here, Appellants asserted:

- Bankruptcy jurisdiction

- Federal jurisdiction

- Removal timing arguments

Each is legally recognized and supported by precedent.

At minimum, this was a **close jurisdictional question**, precluding fees.

## II. APPELLEES IGNORE THE DISTRICT COURT'S FAILURE TO ANALYZE BANKRUPTCY JURISDICTION

Appellees do not defend the district court's refusal to analyze § 1334 jurisdiction.

They cannot.

### A. Bankruptcy Jurisdiction Must Be Addressed

Under:

- University of South Alabama v. American Tobacco Co.

courts must determine subject matter jurisdiction before remanding where jurisdiction is plausibly invoked.

The district court did not do so.

That alone warrants reversal or vacatur.


### B. The "Related To" Standard Is Broad

Appellees attempt to minimize bankruptcy jurisdiction, but controlling precedent holds otherwise:

- In re Lemco Gypsum, Inc.

A case falls within jurisdiction if it could **conceivably affect the estate**.

Appellees never refute that standard.

## III. APPELLEES MISCHARACTERIZE THE TIMELINESS ISSUE

Appellees argue that removal was untimely because it occurred more than 30 days after service.

But that argument assumes:

- Removability existed at the outset

That assumption is disputed.

### A. The Clock Begins When Removability Is Ascertainable

Under:

- Lowery v. Alabama Power Co.

removal timing depends on when jurisdiction becomes clear.

Appellees fail to address:

### B. Later Developments Trigger Removal

- Pretka v. Kolter City Plaza II, Inc.
- Whether later developments triggered removability
- Whether bankruptcy proceedings changed the jurisdictional posture

### B. Subsequent Removal Is Permissible

Appellees rely on a prior removal attempt.

But courts recognize:

- SWS Erectors, Inc. v. Infax, Inc.

A second removal is proper where new grounds arise.

Appellees ignore this entirely.

### IV. THE DISTRICT COURT'S FEE AWARD WAS BASED ON IMPROPER

**FACTORS**

The district court relied on:

- Timing

- Prior removal

- Proximity to trial

None of these are sufficient under:

- Martin v. Franklin Capital Corp.

The correct inquiry is objective reasonableness—not outcome or timing.

## V. APPELLEES FAIL TO DEFEND THE DISTRICT COURT'S BAD-FAITH IMPLICATION

The district court implied that removal was filed to delay trial.

Appellees repeat that claim—but offer no evidence.

There was:

- No evidentiary hearing

- No factual findings

- No record support

This violates due process.

## II. BANKRUPTCY JURISDICTION WAS IMPROPERLY IGNORED

### A. Broad Scope

- In re Lemco Gypsum, Inc.

### B. Mandatory Analysis

- University of South Alabama v. American Tobacco Co.

## C. Supreme Court Authority

- Celotex Corp. v. Edwards

## III. FEDERAL JURISDICTION WAS MISAPPLIED

- Grable & Sons Metal Products, Inc. v. Darue Engineering

## VI. EVEN IF REMAND IS AFFIRMED, FEES MUST BE REVERSED

This is the key point.

Even if this Court concludes:

- Removal was untimely

That does not justify fees.

The Eleventh Circuit routinely:

- Affirms remand

- Reverses fee awards

Because the standards differ.

## A. Legal Standard

- Martin v. Franklin Capital Corp.

## B. Eleventh Circuit Limits Fees

- Bauknight v. Monroe County

## V. NO EVIDENCE OF BAD FAITH ALTERNATIVE: FEES MUST BE VACATED EVEN IF REMAND IS AFFIRMED

## CONCLUSION

Appellants respectfully request that this Court:

1. Reverse the award of attorney's fees;

2. Vacate the remand order to the extent reviewable;

3. Grant any further relief deemed appropriate.

By: /s/Liza Hazan

Liza Hazan a/k/a Elizabeth Hazan 6913 Valencia Drive Miami, FL 33109 *Pro se Defendant* **Via US Mail**

Sean Neil Meehan
By: /s/ Sean Meehan
Sean Meehan
*Pro se Defendant*
**Via US Mail**

**CERTIFICATE OF COMPLIANCEI hereby certify this Appeal Brief complies with Fed. R. App. P. 32(a)(7)(B) as the brief contains 550 total words using Times New Roman 14- point font.**

Respectfully submitted,

Elizabeth Hazan

By: /s/Liza
Hazan
Liza Hazan
a/k/a Elizabeth
Hazan 6913
Valencia Drive
Miami, FL
33109 *Pro se
Defendant*
**Via US Mail**

Sean Neil Meehan
By:*/s/* Sean N. Meehan
Sean Meehan
*Pro se
Defendant*
**Via US Mail**

## CERTIFICATE OF SERVICE

I electronically filed the foregoing Appellants' Brief using the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all counsel of record and was served on counsel of record by Appellant.

Respectfully submitted,

Elizabeth Hazan

By:*/S/*Liza

Hazan
Liza Hazan
a/k/a Elizabeth
Hazan 6913
Valencia Drive
Miami, FL
33109 *Pro se
Defendant*
**Via US Mail**

Sean Neil Meehan
By: /s/ Sean N. Meehan
Sean Meehan
*Pro se
Defendant*
**Via US Mail**

## SERVICE LIST

## Via CM/ECF/EMAIL

**DAVID W. LANGLEY and DAVID W. LANGLEY, P.A.,**

David W. Langley on behalf of Plaintiffs **DAVID W.**

**LANGLEY and DAVID W. LANGLEY, P.A.,**

dave@flalawyer.com, emily@flalawyer.com;